1  **WO**                                                                    MDR

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Steven James Budge,                  )   No. CV 10-2481-PHX-JAT (DKD)
                                         )
10          Plaintiff,                   )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    Joseph Arpaio, et al.,               )
13                                       )
            Defendants.                  )
14                                       )
                                         )
15  _____ )

16  **I.    Background**

17          On November 16, 2010, Plaintiff Steven James Budge, who is confined in the

18  Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42

19  U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  In a November 24, 2010

20  Order, the Court granted the Application to Proceed and dismissed the Complaint, with leave

21  to amend, because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to

22  file an amended complaint that cured the deficiencies identified in the Order.

23          On December 10, 2010, Plaintiff filed a "Motion for 30 Day Continuance of Possible

24  Dismissal Date."  In a December 14, 2010 Order, the Court granted Plaintiff's Motion and

25  gave Plaintiff an additional 30 days within which to file an amended complaint.  The Court

26  informed Plaintiff that the Clerk of Court would enter a judgment of dismissal of the action

27  if Plaintiff failed to file an amended complaint within 30 days.

**TERMPSREF** 28

On December 14, 2010, Plaintiff filed a Notification of Change of Address, indicating that he was no longer confined. Plaintiff, however, did not file an amended complaint within 30 days of the Court's December 14, 2010 Order. Therefore, the Clerk of Court entered Judgment on January 27, 2011. That same day, Plaintiff filed a "Motion to Extend Amended Complaint."

In a February 8, 2011 Order, the Court vacated the Judgment, granted the "Motion to Extend Amended Complaint," and gave Plaintiff an additional 30 days within which to file an amended complaint. In addition, because Plaintiff was no longer confined, the Court ordered Plaintiff to either pay the balance of the filing fee or file a Response that stated the date of Plaintiff's release and that either promised to pay the unpaid balance of the filing fee within 120 days from the date of his release **or** showed good cause why he could not pay the outstanding balance of the filing fee.

On February 23, 2011, Plaintiff filed a Motion to Extend Filing Fee, requesting an extension of time to pay the filing fee because he had "been placed back into jail." In a March 7, 2011 Order, the Court granted Plaintiff's Motion to Extend Filing Fee and issued a separate Order requiring the appropriate government agency to collect and forward the fee payments according to the statutory formula.

On March 8, 2011, Plaintiff filed his First Amended Complaint. In a March 17, 2011 Order, the Court dismissed the First Amended Complaint because Plaintiff had not complied with Local Rule of Civil Procedure 3.4(a). The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 14, 2011, Plaintiff filed a Second Amended Complaint (Doc. 20). The Court will order Defendant Arpaio to answer Counts One, Two, and Three of the Second Amended Complaint and will dismiss the remaining claims without prejudice.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## III.   Second Amended Complaint

In his eight-count Second Amended Complaint, Plaintiff sues Defendant Joseph Arpaio, alleging violations of the Fourteenth Amendment in each count.  In his Request for Relief, he  seeks monetary damages.

In Count One, Plaintiff alleges that Defendant Arpaio failed to provide sanitary sleeping conditions, forced Plaintiff to sleep on the floor under a table, and provided an insufficient number of urinals, toilets, and showers.  Plaintiff also claims that his safety was jeopardized because sentenced and unsentenced inmates were housed together.  In Count Two, Plaintiff contends that Defendant Arpaio failed to provide him with "a minimal of li[f]e[']s necessities" and only provided meals every 12 hours.  Plaintiff asserts that he was forced to drink water from his hand out of the sink and to eat on rodent- and bug-infested floors because Defendant Arpaio did not provide cups or a sufficient number of tables and chairs.  Plaintiff also claims that Defendant Arpaio was deliberately indifferent because he "administered spoiled and out[-]dated foods."  In Count Three, Plaintiff claims Defendant Arpaio failed to properly staff the jail, resulting in Plaintiff often being refused outdoor recreation because of limited staff and in several occasions when there were not enough guards to "handle the in[ma]te population."  Plaintiff alleges that the failure to properly staff the jail caused fights, riots, and a danger to Plaintiff.

In Count Four, Plaintiff alleges that Defendant Arpaio did not provide adequate safety for Plaintiff.  Plaintiff contends that he was a witness to a crime and was housed with his accuser and that Defendant Arpaio violated Plaintiff's rights by ignoring an order of protection.  Plaintiff contends that he requested to be removed to protective custody, but his requests were ignored.  In Count Five, Plaintiff asserts that Defendant Arpaio failed to provide Plaintiff with legal calls and religious services.  Specifically, Plaintiff claims that he "filed several times to make legal calls, and he was refused.  Several times the Plaintiff was denied any religious services."

In Count Six, Plaintiff claims Defendant Arpaio failed to provide Plaintiff with any of his medications or treatment for his mental health issues and failed to provide sufficient medical care.  He asserts that he was denied medical treatment or services for a testicular lump that may be cancerous.  In Count Seven, Plaintiff alleges that Defendant Arpaio failed to provide any services for Plaintiff's visual impairment.  In Count Eight, Plaintiff alleges that Defendant Arpaio failed to provide Plaintiff with "doctor[-]approved religious meals."

He contends that Defendant Arpaio failed to provide and ignored Plaintiff's requests for a religious diet.

**IV.   Failure to State a Claim**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

**A.   Count Four**

Plaintiff's allegations in Count Four are too vague and conclusory to state a claim.  Plaintiff does not indicate what the order of protection required and only alleges that his safety was "jeopardized" by Defendant Arpaio's failure to follow the order of protection.  He, therefore, has failed to allege that he suffered any injury as a result of Defendant Arpaio's conduct.  Thus, the Court will dismiss without prejudice Count Four.

**B.   Count Five**

To the extent Plaintiff is alleging in Count Five that he was unable to contact his attorney by telephone on several occasions, Plaintiff has failed to state a claim.  "Indigent inmates have a constitutional right to meaningful access to the courts."  King v. Atiyeh, 814

1   F.2d 565, 568 (9th Cir. 1987) (citing Bounds v. Smith, 430 U.S. 817, 821-23 (1977)).

2   However, inmates do not have a right to any *particular* mean of access to the court.  See

3   Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992); cf. Pino v. Dalsheim 558 F. Supp.

4   673, 674-75 (S.D.N.Y. 1983) (although plaintiff and his attorney would have preferred to

5   communicate by telephone, the state "is not obligated to provide the *best* manner of access,"

6   and, therefore, there was no constitutional violation where inmate was limited to two, eight-

7   minute phone conversations per month but was allowed unlimited mail correspondence with

8   his attorney and unlimited private visits).  Moreover, Plaintiff has made only a vague and

9   conclusory allegation that the lack of legal calls "caused [a] lack of communication with

10  legal representation and caused harm to his legal case."  Because Plaintiff has failed to state

11  a claim regarding his access to the courts, the Court will dismiss without prejudice this

12  portion of Count Five.

13      To the extent Plaintiff alleges that he was denied religious services on several

14  occasions, he has failed to state a claim.  To state a First Amendment, free-exercise-of-

15  religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's

16  religion by preventing him from engaging in a sincerely held religious belief and that the

17  defendant did so without any justification reasonably related to legitimate penological

18  interests.  Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).  Plaintiff's vague allegations are

19  insufficient to state a First Amendment free-exercise claim.  Thus, the Court will dismiss

20  without prejudice this portion of Count Five.

21      **C.    Counts Six and Seven**

22      Plaintiff has failed to state a claim in Counts Six or Count Seven regarding Defendant

23  Arpaio's failure to provide Plaintiff with his medications, medical care and treatments, and

24  vision care.  Maricopa County, not Defendant Arpaio, is responsible for providing medical

25  care to Maricopa County jail inmates.  See Ariz. Rev. Stat. § 11-291(A).  Thus, the Court will

26  dismiss without prejudice Counts Six and Seven.

27  . . . .

28  . . . .

### D.     Count Eight

Plaintiff's allegation in Count Eight that Defendant Arpaio failed to provide Plaintiff with a doctor-approved religious meals is too vague and conclusory to state either a First Amendment free-exercise claim or a Fourteenth Amendment deliberate-indifference claim. Therefore, the Court will dismiss without prejudice Count Eight.

## V.     Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated Fourteenth Amendment deliberate-indifference claims in Counts One, Two, and Three.  The Court will require Defendant Arpaio to answer Counts One, Two, and Three.

## VI.    Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

. . . .

**D.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Counts Four through Eight of the Second Amended Complaint are **dismissed** without prejudice.

(2)      Defendant Arpaio must answer Counts One, Two, and Three of the Second Amended Complaint.

(3)      The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 20), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4)      Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)      If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)      The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7)      The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant**

**within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

      (a)   personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

      (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)   **If Defendant agrees to waive service of the Summons and Second Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)   Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**TERMPSREF**

1        (10)    This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

3  under 28 U.S.C. § 636(b)(1).

4        DATED this 26th day of April, 2011.

<br>

James A. Teilborg
United States District Judge